THE STATE OF KANSAS V. CLAUDE LEWIS.

No. 12,430.   (65 Pac. 258.)

SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS—*Proof of Nuisance.* Under section
2463 of the General Statutes of 1901, being the nuisance section
of the prohibitory liquor law, a conviction may be had of a person
who keeps, owns or maintains a place where intoxicating liquors
are kept for sale, barter or delivery in violation of the act, without
proof of actual sales made by him.

2. —————— *Complaint and Conviction Upheld.* A county at-
torney filed a complaint, verified by him on information and be-
lief, charging the defendant with keeping and maintaining a com-
mon nuisance, under section 2463 of the General Statutes of 1901.
At the same time an affidavit of the prosecuting witness was filed
describing a place where intoxicating liquors were sold and kept
for sale, and stating that it contained a. bar, counter, bottles,
glasses, beer, and whisky. The keeper of the place was not named.
*Held,* that a conviction of the owner or keeper, under the stat-
ute mentioned, must be upheld.

3. —————— *Cases Distinguished.* The cases of *The State v. Mo-
seli,* 49 Kan. 142, 30 Pac. 189, *The State v. Nulty,* 47 id. 259, 27
Pac. 995, and *The State v. Hescher,* 46 id. 534, 26 Pac. 1022,
distinguished.

Appeal from Allen district court; L. STILLWELL,
judge. Opinion filed June 8, 1901. Division two.
Affirmed.

*Jno. F. Goshorn,* county attorney, and *A. H. Camp-
bell,* for The State.

*Atchison & Morrill,* and *Chris Ritter,* for appellant.

The opinion of the court was delivered by

SMITH, J.: Appellant was convicted of the offense
of keeping and maintaining a common nuisance, un-
der the prohibitory liquor law. (Gen. Stat. 1901,
§ 2463.) The prosecution was commenced by the
county attorney's filing a complaint against the de-

fendant before a justice of the peace, charging a violation of the prohibitory law in three counts. The first two charged illegal sales, and the last a violation of the nuisance section above cited. The affidavit for defendant's arrest was verified on information and belief. Filed with the complaint was the affidavit of one Ledford to the effect that he had bought liquors of one William Mills in the back room of a restaurant kept by the latter; that it was a place where intoxicating liquors were sold and kept for sale, and where persons resorted for the purpose of drinking the same. Defendant was convicted on all three counts before the justice of the peace. He appealed to the district court, where the trial resulted in his conviction under the third (or nuisance) count only.

No question was raised in either trial court as to the sufficiency of the complaint to justify the issuance of a warrant of arrest, and defendant gave bond for his appearance, thereby waiving any lack of authority to arrest him under the initial process. (*The State v. Moseli*, 49 Kan. 142, 30 Pac. 189.) Upon the trial in the district court, the defendant objected to the testimony of certain witnesses for the prosecution, who testified to purchases of intoxicating liquors upon the premises charged to have been kept by the appellant, for the reason that such sales were not within the mind of the county attorney or the prosecuting witness, Ledford, when the written charges and complaint were filed against the defendant. Defendant also moved for a new trial on the ground, among others, that the verdict was not sustained by the evidence.

The case does not come within the rule laid down in *The State v. Brooks*, 33 Kan. 708, 7 Pac. 591, *The State v. Nulty*, 47 id. 259, 27 Pac. 995, and *The State*

*v. Hescher*, 46 id. 534, 26 Pac. 1022. In those cases the complaints, or informations, charged illegal sales of liquor, and the prosecuting witnesses filed affidavits, or gave preliminary testimony, of sales by the defendants to certain persons. It was held that the conviction of a defendant must be confined to some of the particular sales in the mind of the prosecuting witness at the time he gave testimony concerning the same. The appellant was not convicted of making illegal sales of intoxicating liquor. The affidavit of Ledford filed with the complaint is divided into two parts : (1) A statement concerning sales of liquors made to him by Mills ; (2) the following statement :

"That is a place where intoxicating liquors are sold, kept for sale, and where persons go to drink intoxicating liquors as a beverage. I saw a bar, or a counter, bottles, glasses and whisky in the building when I purchased the whisky. I think they also keep and sell beer there. James Overmyer told me he got a bottle of beer there."

It is contended that, because the witness, Ledford, did not charge the appellant, in his preliminary affidavit or in his testimony at the trial, with having made illegal sales of liquor, or with being the keeper of of the place, no conviction ought to be had, notwithstanding such facts were established by other witnesses. This claim must be denied. While the proceeding under section 2463 of the General Statutes of 1901 was in the form of a prosecution against the defendant, Claude Lewis, yet it partook also of the nature of a proceeding *in rem*, directed against the place where the liquors were kept and the liquors themselves. The primary object of the law under which appellant was convicted is to abate such places as public nuisances. If the prosecuting witness, Ledford, had not given the name of any person in charge

of the place which he designated as a statutory nuisance, or if he did not know who kept, owned or maintained the same, still the prosecution would not fail. Under the section of the statute cited, the conviction of one who keeps a place where intoxicating liquors are exposed for sale is an incident to the abatement of the nuisance maintained by him. It is not necessary, under said section, that a sale of liquors be proved in order to justify a conviction. The keeping of intoxicating liquors for sale, barter, or delivery, in violation of the act, will justify a conviction, in the absence of proof of actual sales. There was sufficient evidence to show that the appellant was in charge of the place, and that the liquors, bottles, glasses and accompanying paraphernalia were in use for commercial purposes.

The judgment of the court below will be affirmed.

DOSTER, C. J., POLLOCK, J., concurring.