67   545
p67   849
p67   850

THE STATE OF KANSAS v. J. A. DAVIS AND MAYNE MURRAY.

No. 13,455.   (73 Pac. 87.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Jury and Jurors*—*Special Venire.* Thirty days before the time fixed by law for the commencement of a regular term of court the judge made an order directing that twelve additional jurors be drawn to serve at the ensuing term, under the authority of section 3813, General Statutes of 1901. The order was filed with the county clerk, and the jurors drawn and summoned.   After court convened, and on the second day of the term, another order was made, under section 3815, General Statutes of 1901, requiring twelve additional jurors to be drawn, for the reason that the number theretofore drawn was insufficient,

35—67 KAN.

which order was complied with. *Held,* that the last order was lawfully made.

2. ——— *Separate Trials in Misdemeanors.* In a prosecution for a misdemeanor, the granting of separate trials to defendants jointly charged is within the discretion of the court.

3. INTOXICATING LIQUORS—*Testimony in Mind of County Attorney.* In a prosecution for maintaining a common nuisance under the prohibitory liquor law, the fact that the testimony given by witnesses in support of the charge was not in the mind of the county attorney when the information was filed is immaterial.

Appeal from Coffey district court; DENNIS MADDEN, judge. Opinion filed July 10, 1903. Affirmed.

*Henry E. Ganse,* county attorney, for The State.

*J. I. Wolfe,* for appellants.

The opinion of the court was delivered by

SMITH, J. : Appellants were convicted on two counts of an information charging illegal sales of intoxicating liquors, and on one count for maintaining a common nuisance under the prohibitory law. After a plea of not guilty the appellants challenged the array of jurors. The challenge was overruled.

Thirty days before the beginning of the term the judge of the district court made an order directing that twenty-four jurors be drawn to serve at the ensuing term, under sections 3813 and 3814, General Statutes of 1901. On the 7th day of January, the day after the court convened, another order was made, under the authority of section 3815, General Statutes of 1901, that twelve more jurors be drawn and summoned, for the reason that a sufficient number had not been theretofore drawn. The order was complied with. It is contended by appellants that after the first order, made in vacation, the power was exhausted, and thereafter the court must proceed under section

The State v. Davis.

3816, General Statutes of 1901. We do not think so. The last section of the statute cited has application when in a particular case called for trial the jurors summoned, by reason of their interest or knowledge of the facts, or bias or prejudice in favor of or against any of the parties, are disqualified to sit, and additional jurors are needed to try the case.

After the commencement of the term the court became satisfied that the number of jurors summoned was insufficient. It then proceeded, under section 3815, *supra* (and we think properly), to order more jurors to be drawn. The court in such cases uses its discretion under the law, to the end that business before it may proceed with expedition.

It will be noticed that under section 3813, *supra*, the judge cannot order the drawing of more than twenty-four additional jurors, and the order therefor must be filed with the county clerk at least thirty days before the commencement of the term of court at which they are required to attend. When the term of court is opened it may then become apparent (which was not before known) that the regular business for that term, as shown by the docket, requires the services of additional jurors. It is then that the power conferred by section 3815 may be exercised. We are inclined to place a liberal construction on statutes relating to the drawing and selection of jurors.

There was no error in refusing the demand of defendants for separate trials. A severance is discretionary in misdemeanor cases. (Gen. Stat. 1901, § 5663.)

There was filed with the information the testimony of R. A. Dewitt, J. W. Leahy, and O. E. Reynolds, taken before the county attorney under the authority

of section 2472, General Statutes of 1901, showing purchases by them of intoxicating liquors from the appellants at different times.   In addition to the above, the names of Elmer Herr, J. O. Logsdon, and C. E. Condit, who did not testify before the county attorney, were indorsed on the information.   All of the witnesses named testified in behalf of the state at the trial.   When Elmer Herr, one of the last-named witnesses, was placed on the stand, counsel for defendants objected to the reception of his testimony for the reason that it was not in the mind of the county attorney when the information was filed.   This the appellants offered to show by the county attorney himself, but the court rejected the offer.   The county attorney then stated to the court that the testimony of the witness was not offered to prove a direct sale, but only to support the nuisance count of the information.   The same objection, ruling and statement were made when the witnesses Logsdon and Condit were placed on the stand.   At the close of the evidence the prosecution elected to rely on the testimony of Leahy, Reynolds and Dewitt to support the counts for illegal selling, and the court so instructed the jury. The testimony of Herr, Logsdon and Condit was properly admitted in support of the nuisance count. ( *The State v. Reno*, 41 Kan. 674, 21 Pac. 803 ; *The State v. Lewis*, 63 id. 265, 65 Pac. 258.)

We have given attention to the claim of error based on the giving of instruction No. 13.   While some of the language used was, perhaps, extravagant, yet the jury were told that the evidence necessary to convict must meet the legal requirements, and the rights of defendants be sacredly guarded.   The instruction concluded :

"No innocent man should be convicted, punished,

or disgraced, and the law does not expect such to be done, and the public must not be so unreasonable as to expect it."

The judgment of the court below will be affirmed.

All the Justices concurring.