No. 21,797.

THE STATE OF KANSAS, *Appellee*, v. ADOLPH KURENT and MRS. ADOLPH KURENT, *Appellants*.

### SYLLABUS BY THE COURT.

1. MISDEMEANOR—*Joinder of Defendants—Severance—Judicial Discretion.* In misdemeanor cases, where two or more defendants are properly joined in one information, a motion of one defendant to sever and for a continuance is addressed to the sound discretion of the trial court.

2. LIQUOR LAW—*"Bone-dry" Law Constitutional.* The "bone-dry" law is constitutional—following the decision in *The State v. Macek*, 104 Kan. 742, 180 Pac. 985.

3. SAME—*Motion to Quash Information—Properly Denied.* The pendency of another case in a justice's court involving the same offenses for which a person is being prosecuted in the district court does not require the latter court to sustain a motion to quash—especially when it is admitted in the district court, when the motion to quash is under consideration, that the case in the justice's court had ere then been dismissed.

4. SAME—*Venue Shown.* The record examined, and held to show conclusively that the offenses charged and proved against defendants were committed in Crawford county.

Appeal from Crawford district court; ANDREW J. CURRAN, judge. Opinion filed June 7, 1919. Affirmed.

*E. L. Burton*, of Parsons, and *Thomas W. Clark*, of Pittsburg, for the appellants.

*Richard J. Hopkins*, attorney-general; *A. B. Keller*, county attorney; *C. A. Burnett*, assistant county attorney, and *George F. Beezley*, of Girard, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is another liquor case. The defendants, husband and wife, were joined and prosecuted on one information, and were convicted on two counts under the "bone-dry" law, and on one count for keeping a liquor nuisance. They appeal.

The defendant, Mrs. Kurent, filed a motion to sever and for a continuance. There was no evidence offered to prove the facts alleged in the motion, and the motion was submitted to the trial court without argument. In view of this, it must be held that the motion was properly overruled. Even if the motion had been supported by evidence and sincerely argued, the matters of severance and continuance in misdemeanor cases are within the trial court's discretion. (Crim. Code, §§ 210, 218, Gen. Stat. 1915, §§ 8124, 8139; *The State v. Davis*, 67 Kan. 545, 73 Pac. 87; *The State v. Tucker*, 72 Kan. 481, 491, 84 Pac. 126; *The State v. Sills and McDonald*, 85 Kan. 830, 833, 834, 118 Pac. 867; 16 C. J. 786.)

The defendant, Adolph Kurent, filed a motion to quash the information on various grounds. This motion was overruled. One ground of the motion was a constitutional objection to the "bone-dry" law. That objection was considered and the statute upheld last month. (*The State v. Macek*, 104 Kan. 742, 180 Pac. 985.) That matter is *stare decisis*.

Another ground of the motion to quash was based on the allegation that "the said cause is pending for trial in the justice court at Girard." That motion was heard and overruled on December 17, 1917. It was conceded that two days prior thereto, on December 15, the case pending before the justice in Girard had been dismissed and the trial court's ruling was correct.

It is suggested that the evidence did not disclose, beyond a reasonable doubt, that the offenses were committed in Crawford county. There was no direct, parrot-like utterance of any witness to that effect, but many facts supplied by the witnesses, both for the state and for the defendants, clearly disclosed that the offenses were committed at a place called Breezy Hill, in Crawford county.

Nothing further can be discerned in the record to justify discussion; no error is disclosed; and the judgment is affirmed.