No. 22,465.

THE STATE OF KANSAS, *Appellee*, v. ELIAS SMITHHISLER and
MARY SMITHHISLER, *Appellants*.

SYLLABUS BY THE COURT.

INTOXICATING LIQUOR—*Temporary Injunction Properly Granted*. A dis-
trict court is justified in granting a temporary injunction, under the
prohibitory liquor law of this state, against parties who, for a long
time previous to the commencement of the action, had been engaged in
the illegal sale of intoxicating liquors, although there is evidence
which tends to show that a few days prior to the commencement of the
action the defendants had sold and closed the place.

Appeal from Harper district court; GEORGE L. HAY, judge.
Opinion filed April 10, 1920. Affirmed.

*George E. McMahon*, of Anthony, for the appellants.

*Richard J. Hopkins*, attorney-general, and *Vernon Day*,
county attorney, for the appellee.

The opinion of the court was delivered by

MARSHALL, ·J.: This action was brought by the plaintiff
under the intoxicating liquor law to enjoin the defendants from
maintaining a nuisance. A temporary injunction was granted,
and from the order granting that injunction the defendants
appeal. Their contention is that the evidence showed that the
place was closed at the time the action was commenced, and
had been closed for some days prior thereto; and that there-
fore no injunction should have been granted. The evidence
showed that the defendants had sold Jamaica ginger, Wine of
Life, Beef, Wine and Iron, Hostetter's Bitters, etc., and that
these articles had been sold by the defendants for a long time
prior to the commencement of this action, and up to within a
very few days of that time. No question is raised concerning
the intoxicating character of the articles sold.

The cross-examination of the plaintiff's witnesses developed
that the defendant had stated that he had sold the place and
had closed it before the action was commenced. After con-
tinued sales of intoxicating liquor extending over a period of

months, an injunction cannot be avoided by ceasing to sell such liquors a few days before an action for an injunction is commenced. It is an easy matter to sell intoxicating liquors for a time and, when a storm is brewing, cease such sales and close the place until the storm has passed by, and then resume the sale of such liquors, and repeat that operation until the state is successful in getting the place closed.

The evidence was sufficient to justify the court in granting a temporary injunction.

The judgment is affirmed.

PORTER, J., dissents.