## EVIDENCE WARRANTING INJUNCTIVE RELIEF UNDER THE PADLOCK LAW.

Common Pleas Court of Hamilton County, Ohio.

STATE OF OHIO EX REL EDWARD MCGRIFF, ETC., v. MARTIN LUTSCH ET AL.

Decided, 1924.

*Intoxicating Liquors—Action to Abate a Nuisance under the Padlock Law—Presumption as to Future Conduct where Repeated Convictions have Occurred.*

In an action to abate a nuisance under Section 13195-1 General Code, commonly known as the "Padlock Law," proof that the defendant has been repeatedly convicted of violating the prohibition laws warrants the presumption that such violations will continue unless injunctive relief is granted, and it 'is not necessary for the state to show a constant and uninterrupted violation right up to the time of filing the suit for injunction.

C. C. Crabbe and G. F. Osler, for plaintiff.

Jos. B. Kelley, for defendants.

DIXON, J.

Heard on demurrer to the petition.

This action is brought by the Commissioner of Prohibition of the state of Ohio pursuant to provisions of Section 13195-1 of the General Code, 110 Ohio Laws, page 34.

Defendants demur on the ground that the petition fails to state facts showing the existence of a nuisance in the premises in question at the time of the filing of the petition, and that hence there is no existing nuisance to be abated.

The petition describes certain premises located at 4798 Spring Grove avenue, Cincinnati, as owned by The Hudepohl Brewing Company, and further charges that the defendants Martin Lutsch and Mathias Lutsch are the owners and proprietors of a cafe, restaurant, and summer garden located in said premises, and that said defendants as such proprietors have been using said premises for sell-

ing, possessing and storing intoxicating liquors, as defined in Section 6212-14 General Code of Ohio, since January 7, 1924.

The petition further alleges that between the dates of January 7, 1924, and February 26, 1924, defendants had sold, possessed and stored intoxicating liquors on said premises contrary to law. And further that said premises had become and are a common and public nuisance as defined by Section 13195-1 of the General Code of Ohio.

From these allegations it appears that defendants are charged with the maintenance of a nuisance at the time of the filing of the petition, although they are charged with specific violations between certain dates.

Section 13195-1 provides in part as follows:

"It shall not be necessary for the court to find the property involved was being unlawfully used as aforesaid at the time of the hearing, but on finding that the material allegations of the petition are true, the court shall order that no liquors shall be manufactured, sold, bartered, possessed, kept, or stored in such room, house, building, structure, place, boat or vehicle, or any part thereof."

This language is copied verbatim from Section 22 of the National Prohibition Act commonly known as the Volstead Act, and its plain purpose is to reach by the injunctive process places and persons used or engaged in violating the provisions of the act.

In *State* v. *Smithhisler et al,* 189 Pacific Rep., 135, a case decided by the Supreme Court of Kansas, the court said on page 136.

"After continued sales of intoxicating liquor extending over a period of months, an injunction can not be avoided by ceasing to sell such liquors a few days before an action for an injunction is commenced. It is an easy matter to sell intoxicating liquors for a time and when a storm is brewing, cease such sales and close the place until the storm has passed by, and then resume the sale of such liquors and repeat that operation until the state is successful in getting the place closed."

If the contention of counsel for defendants is sound, then this provision of our law becomes a nullity; and there would be no means provided by law to prevent these constant and secretive violations. To cast upon the law enforcing authorities the burden of showing constant and uninterrupted violations of the law up to the very time of the filing of the suit for an injunction, would make the law a dead letter.

The repeated convictions of the defendants Martin Lutsch and Mathias Lutsch, for violating the liquor laws of this State as set forth in the petition are sufficient to warrant the presumption that such violations would continue unless the relief asked for is granted.

In *Shore* v. *United States*, 282 Fed. Rep., 857, the court held that in a suit to abate a liquor nuisance, a nuisance unless shown to desist will be presumed to continue.

Referring to the provision in Section 13195-1 of the General Code set forth above, the author of Blakemore on Prohibition, at page 257 says:

"This clause prevents the plea often made by liquor sellers that they have ceased to operate, and by these means they had often defeated the application for the writ. If the defendant has quit violating the law an order against selling liquor on the premises can be no burden to him, and it will act as a preventative to further attempts to violate the law."

This language is peculiarly applicable to the case at bar. The granting of the injunction does not deprive the defendants of any legal right, and hence they can not be heard to complain.

For these reasons the demurrer is overruled.