No. 33,194

The State of Kansas, *Appellee*, v. Clarence Chandler, *Appellant.*

(65 P. 2d 557)

Opinion filed March 6, 1937.

*Payne H. Ratner, Stuart McAlister* and *Louise Mattox,* all of Parsons, for the appellant.

*Clarence V. Beck,* attorney general, *Theo. F. Varner,* assistant attorney general, *Vernon C. Rosenthal,* county attorney, and *John B. Markham,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

Smith, J.: In this action the defendant was convicted of being a persistent violator of the intoxicating liquor statutes in two counts—one for having intoxicating liquor in his possession and one for maintaining a nuisance. He appeals.

The points upon which he relies are that the evidence was not sufficient to sustain the verdict of guilty and that incompetent evidence was received.

We will first notice the point as to the sufficiency of the evidence.

The chief of police testified that he went with two other officers to a barber shop conducted by defendant and his father. Clarence Chandler, the defendant, was in the barber shop when they arrived. In the back of the barber shop the defendant kept cigars and candy for sale to other dealers. They found in cartons that were partly filled with candy certain bottles of whisky, which were introduced in evidence. He testified that he could tell this was whisky by the taste and smell of it.

The clerk of the district court testified that defendant had been previously convicted of unlawful possession of intoxicating liquors.

Another officer testified as to finding the liquor in the bottom of a carton containing candy; that defendant and his father operated the barber shop.

Another officer testified as to finding the liquor and that it was in a carton on the floor behind the showcase; that there were three layers of candy on the top of the liquor and that three cartons of candy had liquor in the bottom.

The chief of police also testified that on the way from the barber shop to the police station he asked Clarence why he did not quit and Clarence said he was going to sell what he had to pay taxes and that he was going to quit then. The chief of police also testified that this place had a bad reputation as being a place where intoxicating liquors were sold. We have no hesitancy in holding that there was ample evidence to warrant the jury in reaching a verdict that defendant was guilty.

Defendant argues that the admission of the evidence of the chief of police that the barber shop had a bad reputation as being a place where intoxicating liquors were sold was inadmissible and was prejudicial to the rights of defendant.

In the case of *State v. Brooks*, 74 Kan. 175, 85 Pac. 1013, this court held that where evidence showed that a place was used for maintaining a liquor nuisance, evidence of the reputation of the place as being a place where intoxicating liquor was sold might be introduced to show that the owner of the building had knowledge that it was so used.

In this case there was evidence from which the jury would be justified in finding that this barber shop was used for maintaining a liquor nuisance. Hence, the evidence of the chief of police as to its reputation as such a place was admissible to show that the defendant, who was interested in the operation of the barber shop, must have known of the use to which the place was being put. In this case the father of defendant, who also worked in the shop, took the stand and testified that the liquor belonged to him and that the son knew nothing about it. There were some circumstances which made that testimony a little difficult to believe, among them being the fact that the son was the one who had charge of the candy business and that it was in the cartons of candy that the liquor was found. Then some weight no doubt was taken away from this testi-

mony when the jury considered that the father would only be punishable for a misdemeanor for possession of the liquor while the son would be punishable as a persistent violator. At any rate, the evidence was sufficient to have warranted conviction of both the father and son for having liquor in their possession and maintaining a nuisance had the action been brought that way.

The judgment of the trial court is therefore affirmed.