LOSAWYER v. STATE ex rel. STEGER, County Atty.

*99 P. 2d 148.*

No. 29420. Feb. 13, 1940.

Utterback & Utterback, of Durant, for plaintiff in error.

Bill Steger, County Atty., of Durant, for defendant in error.

HURST, J. This is an action by the state of Oklahoma, on the relation of the county attorney, against Adolph Losawyer to have the Losawyer Store and Filling Station, located on two lots in the city of Durant declared to be a liquor nuisance. A temporary injunction was granted upon the filing of the petition, and the sheriff was ordered to take possession of, and padlock the premises. At the hearing on the merits, the injunction was made permanent, and defendant appeals.

The evidence disclosed that on two occasions in the year 1937, certain officers purchased whisky at the defendant's store, once from the defendant and once from the defendant's father-in-law. In searching the premises on July 30, 1938, an officer found a half pint of whisky in the store. Again, on May 19, 1939, a half pint of whisky was found in the store. The defendant's home was located on the same lots as the store and filling station and about 15 feet from the rear door of the store. On February 11, 1939, officers discovered 175 pints of whisky in the home. About 35 pints of whisky were found in the home on May 19, 1939, and on this same occasion an officer caught a man pouring a pint of whisky on the ground at the rear door of the store. Shortly before the commencement of this action, on July 3, 1939, in searching the premises, an officer found 100 pints of liquor in a cane patch about 75 feet from the store on the adjoining premises belonging to the defendant. In addition, several witnesses testified that the Losawyer Store and Filling Station had a general reputation as being a place where intoxicating liquors were sold. Losawyer did not testify.

1. The defendant first contends that the plaintiff's evidence showing two sales of intoxicating liquor on the premises in 1937 should not be considered, for the reason that this evidence is too remote in point of time. We are of the opinion that such testimony is relevant when considered with other testimony showing various other violations of the liquor laws near the time of the commencement of this action. That a fact is remote, either in point of time or probative value, does not of itself preclude its admissibility. Fairbanks v. Frank (1935) 107 Vt. 45, 176 Atl. 294.

The plaintiff must prove that the premises constituted a public nuisance at or near the time the action was commenced and the evidence of these sales of liquor in 1937 would not, when considered alone, be sufficient to prove such fact. However, it had a bearing on the issues in this case, and constituted a link in the chain of proof, and the weight to be given this testimony is for the trial court. The question whether evidence offered is too remote from the time involved to be admissible, is one for the trial court to determine and will not ordinarily be disturbed on appeal. 10 R. C. L. 926; Moiola v. Paggi et al. (1935) 5 Cal. App. 2d 279, 42 P. 2d 331.

The defendant, in support of his contention, cites the case of Tarbutton v. State (1935) 57 Okla. Cr. 442, 48 P. 2d 877. This was a criminal action and is distinguishable from the case at bar in that the court, in that case, found there was no competent evidence showing the place to be a nuisance at or near the time charged.

2. The second contention of the defendant is that the testimony showing the discovery of unusual quantities of whisky in the defendant's home was not admissible for the reason that the petition did not charge that his home was a nuisance.

We are of the opinion that the discovery of these large quantities of intoxicating liquor in the defendant's home was properly considered as a circumstance having a bearing on the main issue in the case, when the close proximity of the home and store is considered and the fact that both buildings are on the same lots. Inasmuch as there was a small quantity of whisky found in the store at the same time of the discovery of whisky in the home on July 1, 1939, it might be reasonably inferred that the home and store were used in conjunction with each other. In an analogous situation in the case of Todd et al. v. United States, 48 Fed. 2d 530, which was a suit to enjoin the maintenance of a liquor nuisance, the court admitted evidence showing the discovery of whisky stored in a building adjoining the rear of the building charged as a nuisance.

3. The defendant next contends that the evidence showing the discovery of 100 pints of whisky in the cane patch was erroneously admitted, for the reason that the cane patch was across the road from the store and filling station. We do not think this contention is sound for the place where the whisky was discovered is only 75 feet from the store and is on the defendant's premises. This evidence would clearly throw some light on the issue in this case. In the case of Faulk v. State (1926) 34 Okla. Cr. 431, 247 P. 112, which was a criminal action for the maintenance of a liquor nuisance, the court held that evidence showing that large quantities of whisky were discovered directly across the highway on the premises of another was properly admitted. Following this decision, the evidence in the instant case would certainly be admissible, for here the cane patch was on the defendant's premises.

All facts are admissible in evidence which directly or by reasonable inference throw any light upon the matter in controversy. 10 R. C. L. 925. Here, the court could reasonably infer that the liquor in the cane patch was being used by the defendant as a part and parcel of his liquor violations in the store.

4. The remaining contention is that the evidence was insufficient to justify the judgment of the court. This being an action of equitable cognizance, this court will examine and weigh the evidence, but the judgment of the trial court will not be disturbed on appeal unless it is made to appear that such judgment is against the clear weight of the evidence. Woolley et ux. v. Simpson et al. (1939) 185 Okla. 224, 90 P. 2d 943.

After considering all the evidence and circumstances in the case and the logical inferences to be drawn therefrom, we are of the opinion that the judgment is not against the clear weight of the evidence.

Judgment affirmed.

WELCH, V. C. J., and CORN, GIBSON, and DANNER, JJ., concur.