No. 36,725

THE STATE OF KANSAS, *Appellee, v.* PAUL SAMUELS, *Appellant.*

(175 P. 2d 104)

Opinion filed December 7, 1946.

*Owen Samuel,* of Emporia, argued the cause, and *W. N. Smelser,* of Emporia, was with him on the briefs for the appellant.

*Samuel Mellinger,* county attorney, argued the cause, and *A. B. Mitchell,* attorney general, was with him on the briefs for the appellee.

The opinion of the court was delivered by

HOCH, J.: This is an appeal from an order granting a permanent injunction against the maintenance of a liquor nuisance. Appellant makes two principal contentions: First, that the nuisance, if any,

had already been abated and that therefore, at the time of trial, there was nothing to enjoin; and second, that the injunction was improperly granted because only a single transaction involving an isolated sale of intoxicating liquor had been shown.

The facts, not disputed, may be briefly stated. The defendant was the owner and operator of an establishment in Lyon county known as "The Wagon Wheel." On May 16, 1946, the sheriff of Lyon county conducted a "raid" upon the establishment and arrested the defendant for alleged violation of the liquor laws. He found on the premises several pints of whisky, three partially filled pint bottles of whisky, a number of drinking glasses containing intoxicating liquor and numerous broken whisky bottles and cartons bearing the printed labels of brands of whisky.

On May 18, 1946, the county attorney filed in district court a verified petition asking that an injunction be issued against the defendant, enjoining him from maintaining a liquor nuisance upon the premises described or elsewhere in the county, and alleging, *inter alia,*

"That the said defendant uses and occupies said building and causes to exist, keeps and maintains and operates therein a place where intoxicating liquors are sold in violation of law and a place where persons are permitted to resort for the purpose of drinking intoxicating liquor as a beverage and a place where intoxicating liquors are kept for sale, barter and delivery in violation of law, and that said place was so maintained and used for all said purposes for a substantial time prior to the filing of this petition and up to and including the time of filing of the petition herein.

"That the said place so maintained and occupied by the said defendant for a substantial time, to wit: for a period of at least one month, was and is a common nuisance to the people of the State of Kansas and the vicinity thereof and that said nuisance exists at this time."

These allegations constitute allegations of the maintenance of a common nuisance within the definition of section 21-2130, G. S. 1935.

A temporary injunction was issued upon motion of the county attorney, and on May 19, 1946, the case came on for hearing on the verified petition, for a permanent injunction. No answer was filed by the defendant. At the conclusion of the opening statement by the county attorney, counsel for the defendant stated that the facts hereinbefore recited would be admitted, and, also, that the defendant would admit that a sale of intoxicating liquor had been

made on the premises on the day of the raid by a man alleged by the state to be an employee of the defendant.

The defendant then demurred to the state's evidence. The demurrer was overruled, and no evidence was offered by the defendant. Judgment granting a permanent injunction was entered and this appeal followed.

Defendant's contention that the permanent injunction was improperly issued because the nuisance, if any, had already been abated, and that, therefore, there was nothing further to enjoin, is without merit. In the first place, the record simply shows that the defendant had been arrested and that the temporary injunction had been issued. Neither the arrest of the defendant nor the temporary injunction in any way affected any lawful operation of the establishment and there was nothing in the state's evidence to indicate that the place had in fact been closed.

On this point the appellant calls attention to the fact that the statute defining as common nuisances places where intoxicating liquors are unlawfully sold, etc., is drawn in the present tense, reading "All places where intoxicating liquors *are* manufactured, sold, bartered or given away in violation of law, or where persons *are* permitted to resort for the purpose of drinking intoxicating liquors, . . ." (G. S. 1935, 21-2130, italics supplied), and argues that since the temporary injunction stopped the unlawful practices, it could not at the time the permanent injunction was issued be said that they were then being carried on. Therefore, says the appellant, the statute had no application to the situation then existing. This specious argument hardly calls for any comment. Such a literalistic construction of the statute would defeat its very purpose. All that the law violator would need to do would be to close his establishment prior to issuance of a permanent injunction and thus prevent its issuance. Under such an interpretation, the state would have to show violations right up to the moment of the hearing. No precedent is needed to fortify a rejection of a statutory construction that would lead to such an absurd result. However, the contention now made by appellant was specifically answered in *State v. Smithhisler,* 106 Kan. 587, 189 Pac. 135, wherein it was said:

"The cross-examination of the plaintiff's witnesses developed that the defendant had stated that he had sold the place and had closed it before the action was commenced. After continued sales of intoxicating liquor extend-

ing over a period of months, an injunction cannot be avoided by ceasing to sell such liquors a few days before an action for an injunction is commenced. It is an easy matter to sell intoxicating liquors for a time and, when a storm is brewing, cease such sales and close the place until the storm has passed by, and then resume the sale of such liquors, and repeat that operation until the state is successful in getting the place closed." (p. 587.)

Appellant's second contention is that the state's evidence showed only a single transaction involving an isolated sale of intoxicating liquor on the premises and that such evidence was insufficient to show the maintenance of a nuisance under the statute. This argument ignores the other evidence, heretofore set out and which need not be again recited, which had probative value. The evidence was ample to support the issuance of a permanent injunction, a primary purpose of the statute being to strengthen law enforcement by prevention of further violations, particularly· on the premises involved. Moreover, this court has repeatedly held that in order to support a permanent injunction under this statute, it is not necessary to show a multiplicity of specific sales nor to show that the establishment has been unlawfully operated over an extended period of time.. (Among many cases, see *Pottenger v. State, ex rel.,* 54 Kan. 312, 38 Pac. 278; *State v. Geselle,* 131 Kan. 729, 293 Pac. 494; *State v. Chandler,* 145 Kan. 323, 65 P. 2d 557; *State v. Rogl,* '100 Kan. 590, 164 Pac. 1165; *State v. Schoenthaler,* 63 Kan. 148, 65 Pac. 235; *State v. Lewis,* 63 Kan. 265, 65 Pac. 258; *State v. Thomas,* 155 Kan. 374, 125 P. 2d 375.)

We find. no error and the judgment is affirmed.