FAHR et al. v. STATE ex rel. ADAMS.

No. 34517.    Oct. 30, 1951.

*237 P. 2d 128.*

Walter C. Henneberry and Rosenstein, Fist, Shidler & Webb, Tulsa, for plaintiffs in error.

Lewis J. Bicking, Co. Atty., and Hugh Webster, Asst. Co. Atty., Tulsa, for defendant in error.

PER CURIAM.    This is an action wherein the State of Oklahoma on the relation of the county attorney of Tulsa county, on November 14, 1949, in the district court of Tulsa county, sought a permanent injunction against George Fahr and Evelyn Fahr, perpetually restraining them and each of them, their servants and employees, from operating, conducting, and carrying on the illegal business of selling, or otherwise disposing of intoxicating liquors, at the Reeder Hotel, 115 South Boston avenue, Tulsa, Oklahoma. Answer was filed November 22, 1949, admitting the ownership of the property, but denying all the allegations of the petition.

A temporary restraining order was issued November 14, 1949, served on the defendants the same day. The matter came on for hearing on the temporary restraining order on November 22, 1949. Evidence was taken on the temporary restraining order, and the parties to the action stipulated that the evidence taken on the hearing of the temporary restraining order should be considered as the evidence on the hearing for the permanent injunction. The matter was finally submitted to the court on November 29, 1949, permanent injunction granted, motion for a new trial was overruled, exception allowed and appeal perfected to this court.

The plaintiffs in error present their appeal to this court on two propositions, to wit:

(1) Error of the court in overruling the demurrer interposed to the evidence of the defendant in error by the plaintiff in error.

(2) Insufficiency of the evidence to support trial court's findings and judgment.

At the close of plaintiff's testimony and after it had rested, the defendants demurred to the evidence offered by the state, which was overruled and exceptions saved by the defendants.

In view of the fact that the whole case can be presented on the second proposition, it will be determined on the whole record.

This is a civil action based on §73, Title 37, O. S. 1941, which is as follows:

"All places where any spirituous, vinous, fermented or malt liquors, or any limitation thereof, or substitute therefor; or any malt liquors or compounds of any kind or description whatsoever, whether medicated or not, which contain as much as one-half of one per centum of alcohol, measured by volume, and which is capable of being used as a beverage, except preparations compounded by any licensed pharmacist, the sale of which would not subject him to the payment of the special tax required by the laws of the United States; is manufactured, sold, bartered, given away or otherwise furnished in violation of any provision of this act; and all places where any such liquor is kept or possessed by any person in violation of any provision of this act; and all places where persons congregate or resort for the purpose of drinking any such liquor, are hereby declared to be public nuisances, and upon the judgment of any court of record finding such place to be a nuisance under this section, the sheriff, his deputy, or undersheriff, or any constable of the proper county, or marshal or police of any city where the same is located, shall be directed to shut up and abate such place by taking possession thereof and destroying all liquors found therein, the keeping or sale of which is prohibited by this act, together with all signs, screens, bars, bottles, glasses, and other property used in keeping and maintaining said nuisance; and the owner or keeper thereof shall, upon conviction, be adjudged guilty of maintaining a public nuisance, and shall be punished by a fine of not less than fifty dollars nor more than five hundred dollars, and by imprisonment in the county jail not less than thirty days or more than six months. The Attorney General, county attorney, or any officer charged with the enforcement of any of the provisions of this act, of the county where such nuisance exists, or is kept or is maintained, may maintain an action in the name of the state to abate and perpetually enjoin the same. The injunction shall be granted at the commencement of the action, and no bond shall be required. Any person violating the terms of any injunction granted in such proceeding, shall be punished, as for contempt, by a fine of not less than one hundred dollars nor more than five hundred dollars, or by imprisonment in the county jail not less than thirty days nor more than six months, or by both such fine and imprisonment."

In this action, as in cases of equitable cognizance, the judgment of the trial court will be upheld, if such judgment is not against the weight of the evidence, and the weight in this case is with the judgment of the trial court.

Both the defendants are the admitted owners of the Reeder Hotel, a five story structure, live there and were such owners and living there at all times during the occurrences testified about in this action. George Fahr was the holder of a Federal Retail Liquor Dealers license for the years ending June 30, 1949, and June 30, 1950. This latter stamp was surrendered by the record attorney for the defendants on November 16, 1949, after the occurrence of all the matters involved in this action.

The undisputed testimony shows that during the month of October, 1949, on eight separate and distinct occasions, three witnesses, identified in the testimony as deputy sheriffs, purchased whisky from porters at the hotel, in the hotel lobby or at nearby halls or rooms, the said deputies and the said porters being unknown to each other. Each of these deputies and the sheriff in addition testified that this hotel had

the reputation of being a place where whisky could be obtained.

The defendants introduced four witnesses who testified as to the manner in which the hotel was run. They gave it as their opinion that it was conducted properly, but did not testify directly on reputation. Plaintiffs in error criticize the use of officers in testimony as to reputation. Being an officer does not disqualify a person as a witness. Complaints of good citizens are usually made to officers.

The attorney of record for plaintiffs in error hastened to surrender the retail liquor dealers stamp after the commencement of this proceeding. This is a circumstance sustaining the judgment rather than otherwise. This injunction in no way interferes with the lawful occupation of the plaintiffs in error at the Reeder Hotel. It is difficult to see how they are hurt by this injunction, as all it does is order them to obey the law.

In their brief plaintiffs in error cite a number of cases to sustain their position. These are all criminal cases and are not controlling in the present case. The case of Losawyer v. State ex rel. Steger, 186 Okla. 519, 99 P. 2d 148, is a civil suit and similar to this one and in point. The court holds:

"In a proceeding in equity this court will examine and weigh the evidence, but the judgment of the trial court will not be disturbed on appeal, unless it is against the clear weight of the evidence."

We are of the opinion that the judgment of the trial court is not against the clear weight of the evidence, and it is affirmed.

This Court acknowledges the services of Attorneys Frank L. Warren, C. M. Baskin, and Hugh M. Sandlin, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.