Bill CURLEE, Doc Hunt, Charles Hirrlinger
and Hazel Hirrlinger, Owners,
Plaintiffs in Error,

v.

The STATE of Oklahoma ex rel. J. Howard
EDMONDSON, County Attorney of Tulsa
County, Oklahoma, Defendant in Error.

No. 37378.

Supreme Court of Oklahoma.

March 26, 1957.

Rehearing Denied April 23, 1957.

Ungerman, Whitebook, Grabel & Ungerman, William Leiter, Tulsa, for plaintiffs in error Charles Hirrlinger and Hazel Hirrlinger, Owners.

J. Howard Edmondson, County Atty., Robt. D. Scott, Asst. County Atty., Tulsa, for defendant in error.

BLACKBIRD, Justice.

On the 9th day of June, 1955, the State of Oklahoma, ex rel. J. Howard Edmondson, County Attorney of Tulsa County, Oklahoma, instituted a statutory proceeding for the purpose of abating a nuisance alleged to be in existence at the Drake Hotel in the City of Tulsa. The State sought a permanent injunction against Bill Curlee and Doc Hunt, alleged tenants of the premises, enjoining and restraining them from violating the prohibitory liquor laws of the state on the premises and against Charles Hirrlinger and Hazel Hirrlinger, owners of

said premises, enjoining and restraining them from permitting said premises to be used in violation of the prohibitory liquor laws of the State of Oklahoma.

The action is predicated on Tit. 37 O.S. 1951 § 73, which, insofar as here material, provides:

"All places where any spirituous, vinous, fermented or malt liquors, or any imitation thereof, or substitute therefor; or any malt liquors or compounds of any kind or description whatsoever, whether medicated or not, which contain as much as one-half of one per centum of alcohol, measured by volume, and which is capable of being used as a beverage, except preparations compounded by any licensed pharmacist, the sale of which would not subject him to the payment of the special tax required by the laws of the United States; is manufactured, sold, bartered, given away or otherwise furnished in violation of any provision of this act; and all places where any such liquor is kept or possessed by any person in violation of any provision of this act; and all places where persons congregate or resort for the purpose of drinking any such liquor, are hereby declared to be public nuisances, * * *. The Attorney General, county attorney, or any officer charged with the enforcement of any of the provisions of this Act, of the county where such nuisance exists, or is kept, or is maintained, may maintain an action in the name of the state to abate and perpetually enjoin the same. * * *"

Defendants, Charles Hirrlinger and Hazel Hirrlinger, owners of the premises, filed an answer to plaintiff's petition in which they specifically deny that Bill Curlee and Doc Hunt were their tenants or had any lease or rental agreement at the time of filing the suit which was the 9th day of June, 1955. No answer or pleadings were filed by defendants, Bill Curlee and Doc Hunt.

The trial court at the close of the evidence rendered judgment against Bill Curlee and Doc Hunt enjoining them from violating the liquor laws of the State on the premises known as the Drake Hotel and entered judgment against defendants Charles Hirrlinger and Hazel Hirrlinger, owners of said premises enjoining them from permitting the use of the premises in violation of the prohibitory liquor laws of the State of Oklahoma.

Defendants appeal and contend that the judgment is not supported by the evidence and is contrary to law.

The evidence shows that the Drake Hotel is located at 62½ South Boulder, in the City of Tulsa, Oklahoma. The premises are owned by Charles and Hazel Hirrlinger. The two upper floors of the building were rented as a hotel. The Hirrlingers, some time prior to the time this action was brought, rented the hotel to Bill Curlee and Doc Hunt and they continued to hold possession of said hotel under their rental agreement until the 6th day of June, 1955, at which time their rental contract was terminated and they were removed from the premises. During the time the lease between Bill Curlee and Doc Hunt and the Hirrlingers was in force, the Tulsa Police Department raided the premises numerous times between January 25, 1955, and June 4, 1955, and at each of such raids found and confiscated quantities of whiskey.

On June 4, 1955, a member of the police force who assisted in making the raids purchased a half pint of whiskey from a man by the name of Dale Norman who was selling liquor on the premises. He observed in a room of the hotel, a bar where drinks were being mixed and served; and, he saw people congregated there for the purpose of drinking liquor. Other members of the police force likewise so testified and further testified that the hotel had a general reputation of being a whiskey joint. One member of the police department testified that he knew the present tenant; that his name is Lee Uto and that Uto had a current Federal whiskey stamp.

Mr. Hirrlinger testified that he resided at Route 1, Sperry, Oklahoma, and that he and his wife are the owners of the Drake Hotel; that Bill Curlee and Doc Hunt had been tenants of the hotel for several months and continued to be tenants until about June 6, 1955; that his wife looked after the collection of rent. She had other tenants on the lower floor of the building and on several occasions while she was collecting the rent, she heard from these tenants that raids had been made on the hotel at different times and that quantities of liquor had been found and confiscated; that he thereafter, and on June 6, 1955, procured from Bill Curlee a written relinquishment of his rental agreement and that he and Doc Hunt then moved from the hotel. He thereafter leased the hotel by written lease contract to the Boulder Club, which he understood was a private club. He did not know the purpose for which the club was renting the place. The club held the building for about three months when it abandoned its lease and he then rented the hotel to Mrs. Bundy; and she is the present tenant of the building. On cross-examination in answer to the question as to whether he knew Lee Uto, Mr. Hirrlinger testified that he knew him now; that he met him at the premises. He was introduced to him by Mrs. Bundy. However, he did not know what connection, if any, Uto had with the hotel.

Defendants Hirrlinger contend that the undisputed evidence shows that they had voluntarily abated the nuisance existing in the hotel prior to the filing of this action and that no nuisance existed at the hotel at the time the action was filed, and the trial court therefore erred in granting the injunction as against them.

We are not convinced, however, under the evidence in this case that there was a good faith abatement of the nuisance by the Hirrlingers. While Mr. Hirrlinger testified as to the termination of the lease above set forth and the removal of Curlee and Hunt from the premises, and that he thereafter rented the premises to Mrs. Bundy and she is the present tenant, members of the police department testified that Lee Uto was the real person in charge and in possession of the premises and that Uto had a current Federal whiskey stamp.

■ The possession of such stamp constituted prima facie evidence of the attempt to violate the provisions of the prohibitory laws of the State. Tit. 37 O.S.1951 § 81.

■ Moreover the evidence shows that members of the police department made numerous raids on the hotel between January 25, 1955, and June 4, 1955, and found and confiscated quantities of whiskey, all of which was known by defendants Hirrlingers, and yet they made no effort to remove the nuisance, or to remove the tenants creating the nuisance, from the building until about three days prior to the time this action was brought. We do not think they thereby defeated the power of the court to grant the injunction.

In the case of State v. Smithhisler, 106 Kan. 587, 189 p. 135, the Supreme Court of Kansas held:

"A district court is justified in granting a temporary injunction, under the prohibitory liquor law of this state, against parties who, for a long time previous to the commencement of the action, had been engaged in the illegal sale of intoxicating liquors, although there is evidence which tends to show that a few days prior to the commencement of the action the defendants had sold and closed the place."

The court there stated:

"The cross-examination of the plaintiff's witnesses developed that the defendant had stated that he had sold the place and had closed it before the action was commenced. After continued sales of intoxicating liquor extending over a period of months, an injunction cannot be avoided by ceasing to sell such liquors a few days before an action for an injunction is commenced. It is an easy matter to sell intoxicating liquor for a time and, when a storm is brewing, cease such sales and close the place until the storm has passed by, and then resume the sale of such liquors,

and repeat that operation until the state is successful in getting the place closed."

The injunction in this case, as stated in Fahr v. State ex rel. Adams, 205 Okl. 244, 237 P.2d 128, in no way interfered with the lawful occupation of the Drake Hotel by defendants. It is therefore difficult to see how they are hurt by the injunction as all it does is to order them to obey the law.

■ This action is one of equitable cognizance, and, in such case, this court will examine and weigh the evidence, but the judgment of the trial court will not be disturbed on appeal, unless it is clearly against the weight of the evidence.

■ We cannot say that the judgment is clearly against the weight of the evidence.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and HALLEY, JOHNSON, WILLIAMS, JACKSON and CARLILE, JJ., concur.