STATE of Oklahoma, ex rel. S. M. FAL-
LIS, Jr., District Attorney, Appellee,

v.

MIKE KELLY CONSTRUCTION CO., an
Oklahoma corporation; Joe Johnston
Enterprises, Inc., an Oklahoma corpora-
tion; Chi-Chi's Property Management of
Tulsa, an Oklahoma Limited Partner-
ship, Appellants.

No. 55849.

Supreme Court of Oklahoma.

Dec. 22, 1981.

S. M. Fallis, Jr., Dist. Atty. of Tulsa
County and William R. Edmison, Asst.
Dist. Atty., Tulsa, for appellee.

C. B. Savage, Morehead, Savage, O'Don-
nell, McNulty & Cleverdon, Tulsa, for ap-
pellants.

IRWIN, Chief Justice:

The District Attorney of Tulsa County
(appellee) commenced this action to restrain
the operators (appellants)[1] of Chi-Chi's Res-
taurant and Cuco's of Acapulco of Tulsa[2]
from operating an alleged open saloon in
the City of Tulsa. On hearing appellee's
application, law enforcement officers testi-
fied they had purchased liquor by the drink
at appellants' establishment on several oc-
casions. Appellants admitted selling liquor
by the drink, but presented evidence con-
cerning the character and reputation of
their business which may be summarized by
reference to the district court's conclusion
that Chi-Chi's is an "otherwise fine, respect-
able business establishment."

The district court found Chi-Chi's to be
an "open saloon" as defined and prohibited
by Article 27, § 4 of the Oklahoma Consti-
tution.[3] Based upon this finding, the court

1. D–M–G Tulsa Properties and Dayton Hudson
Corporation, owners of the property upon
which the restaurant is situated, were dis-
missed from the action at the hearing on appel-
lee's application for a temporary injunction. A
demurrer to the evidence was sustained as to
defendant Jo-Lin Enterprises, Inc. Joe Johnston
Enterprises, Inc. and Chi-Chi's Property Man-
agement of Tulsa entered a general appearance
and were joined as additional parties defend-
ant. The appellants, then, are the co-operators
of the business—Mike Kelly Construction Com-
pany, Joe Johnston Enterprises and Chi-Chi's
Property Management of Tulsa.

2. Cuco's of Acapulco is an area within the
restaurant designated as a private club and
licensed by the City of Tulsa for such opera-
tion.

3. Article 27, § 4 provides in part:
   The open saloon, for the sale of alcoholic
   beverage as commonly known prior to the
   adoption of the Eighteenth Article of Amend-

declared the establishment a public nuisance under 50 O.S.1971, §§ 1, 2.[4] An injunction was issued which prohibited the serving or consumption of liquor on appellants' premises.[5] Appellants subsequently posted a supersedeas bond staying the district court's order pending their appeal to this court.

The principal issue presented is whether injunctive relief is available to enjoin appellants' unlawful business operations. Appellee contends that the operation of an open saloon is unlawful, constitutes a nuisance per se, and is abatable under 50 O.S.1971, § 8 (See footnote 5). Appellee cites certain language in *McPherson v. First Presbyterian Church of Woodward*, 120 Okl. 40, 248 P. 581 (1926), wherein we said that a disorderly house or any other thing that is prohibited by public morals and law cannot exist any place in the state without being a nuisance per se or in law.

The above language must be considered in connection with the *McPherson* court's interpretation of § 1 of our nuisance statute. In discussing § 1 the court said:

"The statute first above (now 50 O.S. 1971, § 1) defines the generic term 'nuisance'—not nuisance per se, per accidens, public or private nuisance. A thing cannot be a nuisance of any kind, under said statute, unless same possesses some of the alternative qualities ascribed by § 7870 (now 50 O.S.1971, § 1, sub-paragraphs First, Second, Third and Fourth), supra.

Public, private, per se, and per accidens nuisances, in order to become nuisances at all, must annoy, injure or endanger the comfort, repose, health or safety of others, or possess some of the other qualities described in said statute."

■ In *McPherson* our court affirmed a trial court injunction which prohibited the erection of a "drive-in" oil and gas filling station within the town of Woodward. Under our holding in *McPherson* and the clear language of § 1, the operation of an open saloon, although unlawful, would not be a nuisance unless its operation annoyed, injured, or endangered the comfort, repose, health, or safety of others, or offended decency, or caused or possessed some of the other qualities described in § 1.

The trial court cited *Semke v. State*, Okl., 465 P.2d 441 (1970), to sustain its finding that where the violation of a statute is continuous and ongoing, such as the continuous operation of an open saloon, injunctive relief is proper. In *Semke* we said that a violation of a state statute is an injury to the state and its citizens and a continuing violation is an irreparable injury for which injunctive relief is available.

*Semke* involved an action by the State Motor Vehicle Division to enjoin Semke from operating his business as a new and used car dealer without a license. It was not alleged that such operation constituted a nuisance and the decision was not based upon a nuisance theory. Also, the adminis-

---

ment to the Constitution of the United States of America, is hereby prohibited.

The words "open saloon" shall mean:

Any place, public or private, wherein alcoholic beverage is sold or offered for sale, by the drink; or, sold, offered for sale, or kept for sale, for consumption on the premises.

**4.** The statutory definition of public nuisance is found at 50 O.S.1971, § 2:

A public nuisance is one which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon the individuals may be unequal.

50 O.S.1971, § 1 provides:

A nuisance consists in unlawfully doing an act, or omitting to·perform a duty, which act or omission either:

First. Annoys, injures or endangers the comfort, repose, health, or safety of others; or

Second. Offends decency; or,

Third. Unlawfully interferes with, obstructs or tends to obstruct, or renders dangerous for passage, any lake or navigable river, stream, canal or basin, or any public park, square, street or highway; or

Fourth. In any way renders other persons insecure in life, or in the use of property.

**5.** 50 O.S.1971, § 8 provides:

The remedies against a public nuisance are:

1. Indictment or information, or,
2. A civil action, or,
3. Abatement.

trative agency involved was expressly authorized by statute to "institute injunctive actions ... to enforce the provisions of the Act." 47 O.S.1971, § 567.

A review of our constitutional and statutory laws relating to the regulation and control of alcoholic beverages discloses that from 1908 until 1959 the operation of an "open saloon" in Oklahoma was statutorily abatable. The First Session of the Oklahoma Legislature convened in December, 1907, and enacted our first statutory prohibition laws when Senate Bill No. 61 was approved.[6] Section 13 of that enactment provided that all places where liquors of any kind were manufactured, sold, given away or otherwise furnished was a public nuisance and shall be abated in the manner provided by law. Although that section has been amended from time to time, the operation of an open saloon was statutorily abatable from 1908 until 1959 when 37 O.S. Supp. 1953, § 73,[7] was repealed in the implementation of our new constitutional article on liquor regulation and control.[8]

Under the new constitutional article (Art. 27, § 3), the Legislature was specifically charged with the duty of providing for the strict regulation and control of alcoholic beverages. The 1959 Legislature repealed the existing laws relating to intoxicating liquors and enacted the new Alcoholic Beverage Control Act. 37 O.S. 1971, § 502, et seq. as amended. Section 1 of the enactment (37 O.S.1971, § 501) repealed 37 O.S. Supp. 1953, § 73. This 1959 enactment did not authorize injunctive relief and we have held that the legislatively provided sanctions and penalties found in the Act are exclusive. *Wray v. Oklahoma Alcoholic Beverage Control Board*, Okl., 442 P.2d 309 (1968); *Oklahoma Alcoholic Beverage Control Board v. Welch*, Okl., 446 P.2d 268 (1968). The absence of such authorization in the Act is especially significant in light of the history of our prohibition laws and the long period of time in which the operation of an open saloon was statutorily abatable.[9]

■ Since the manner in which appellants operate their business does not render it a public or private nuisance under 50 O.S. 1971, §§ 1 and 2, and there is no statutory authority for abating the sale of intoxicating liquors unless it constitutes a nuisance, we now turn to the general principles governing the abatement of an unlawful criminal act which does not constitute a nuisance.

The general rule is enunciated in 42 Am. Jur.2d Injunctions, § 157, in this language:

It may be observed at the outset that equity is in no sense a court of criminal jurisdiction, and its reluctance to intervene in matters purely criminal or penal is universally recognized. Something

---

**6.** Senate Bill No. 61 was approved on March 24, 1908. Session Laws of 1907–08, Ch. 69. R.L. 1910, § 3621. Prior to this enactment, prohibition in Oklahoma was governed by the Prohibition Ordinance and Article 1, § 7, Okl. Const.

**7.** In *Fahr v. State*, 205 Okl. 244, 237 P.2d 128 (1951), this court relied upon 37 O.S. 1941, § 73, in affirming a trial court order permanently enjoining the illegal business of selling or otherwise disposing of intoxicating liquors.

**8.** 1959 Session Laws, pg. 141, § 1, repealed 37 O.S.Supp. 1953, § 73. R.L. 1910, § 3621, as amended, was last amended by 37 O.S.Supp. 1953, § 73, but since its original enactment by the First Legislature in 1908 until its repeal in 1959, the operation of an open saloon was statutorily abatable. At a Special Election on April 7, 1959, the Prohibition Ordinance and Art. 1, § 7, Okl.Const., were repealed and a new constitutional article governing liquor regulation and control was adopted. Art. 27, Okl. Const.

**9.** A case decided by the Supreme Court of Oklahoma prior to statehood is of interest. On September 5, 1907, the Supreme Court promulgated *Territory v. Robertson*, 19 Okl. 149, 92 P. 144, wherein it held:

The unlawful sale of intoxicating liquors does not per se constitute the place where such liquors are sold a public nuisance. The character of the place must depend upon the special facts, which must be specifically averred and proved.

There is no statute in this territory authorizing a court to proceed by injunction to restrain the unlawful sale of intoxicating liquors, and a court of equity will not interfere upon the bare fact alone that the place where liquors are sold is unlicensed.

more than a mere offense against the laws of the land is necessary to justify the exercise of its powers. At least in the absence of a statute authorizing an injunction in such a case, there must be some interference, actual or threatened, with property or rights which equity will undertake to protect, or some additional element bringing the case within the domain of that court.

Speaking directly to enjoining the unlawful sale of intoxicating liquors, 45 Am. Jur.2d Intoxicating Liquors, § 448, states that in the absence of statutory authority, equity will not assume jurisdiction to restrain by injunction the unlawful sale of intoxicating liquors. See also, *Commonwealth v. Rush*, 173 Ky. 771, 191 S.W. 498 (1917).

Oklahoma has followed these general principles. In *Board of Regents v. National Collegiate Ath. Ass'n*, Okl., 561 P.2d 499 (1977), we said that an action for injunctive relief is one of equitable cognizance. In *Schmoldt v. Oakley*, Okl., 390 P.2d 882 (1967), we said that equity does not exercise jurisdiction to enjoin the commission of a crime.

In *State ex rel. West v. State Capital Co.*, 24 Okl. 252, 103 P. 1021 (1909), an action had been commenced by the Attorney General in the district court of Logan County against State Capital Publishing Company seeking to enjoin as a public nuisance the publication of advertisements for the sale and purchase of intoxicating liquor in violation of constitutional and statutory prohibitions. Judgment for the publishing company was affirmed on appeal, with the court stating that:

[T]o determine that the advertising or soliciting the sale or purchase of intoxicating liquors to be made without the state was a nuisance, within the purview of the foregoing statutes [Sections 3717–3719 (Chapter 56, §§ 1–3), Wilson's Rev. Ann.St. 1903, now 50 O.S. 1971, §§ 1–3], would be tantamount to holding that every crime was a nuisance . . .

Treating the nuisance issue as a question of whether injunction was a proper remedy to restrain such advertisements, the court in *State Capital* concluded that:

[T]he Legislature of this state not having provided . . . that the powers of equity might be invoked by the state by means of injunction to restrain or abate such advertisements, we do not feel that we would be justifiable, by judicial constructions, in extending such powers to the case at bar. [citations omitted.] The state has an adequate remedy at law. Not only does the prohibition article of the Constitution, but also the enforcing act, prescribe an adequate penalty and punishment to prevent such advertisements or solicitations. A criminal prosecution for such infractions will lie.

Appellee's contention that the lawful sale of liquor encourages the unlawful purchase of liquor and therefore "offends decency" and would constitute grounds for injunctive relief cannot be sustained. The district court's finding that some members of society might find the open, flagrant and intentional violation of the law annoying, offensive and injurious to the comfort, repose, health and safety of others is too broad. To sustain this broad finding would virtually sweep the entire spectrum of criminal activity within the purview of 50 O.S.1971, §§ 1 and 2, and to adopt it as a basis for injunctive relief would be tantamount to holding that every crime was a nuisance. We reaffirm our view in *State Capital*, every crime is not a nuisance within the purview of our nuisance statutes.

The manner in which appellants operate their business does not render its operation a public or private nuisance. There is no showing that a public or private interest is imperiled by appellants' business operations which is distinguishable from the general public's interest that the general laws of the state be obeyed. The Legislature has not authorized the abatement of the unlawful sale of intoxicating liquor and injunctive relief will not lie under the facts and circumstances presented.

Reversed.

BARNES, V. C. J., and LAVENDER, SIMMS, DOOLIN, HARGRAVE and OPALA, JJ., concur.